IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ROBERT LEACH, a Utah resident,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO NEPHROLOGY ASSOCIATES, P.L.L.C., an Idaho professional limited liability company, and KIDNEY PHYSICIANS OF IDAHO, L.L.C., an Idaho limited liability company,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 1:07-CV-00011 TS |

    This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction or Alternatively, Transfer Venue.[1]  Having reviewed the submissions of the parties and for the reasons set forth below, the Court will grant the Motion to Dismiss, without prejudice, as to both Defendants.

---

[1]Docket No. 7.

I.  INTRODUCTION

Plaintiff is a Utah resident, and a medical doctor specializing in nephrology.. Defendants Idaho Nephrology Associates, P.L.L.C. ("INA") and Kidney Physicians of Idaho, L.L.C. ("KPI") are Idaho limited liability companies.  While practicing medicine in Kansas and Colorado, Plaintiff initiated contact with INA in Pocatello, Idaho, to pursue employment, and subsequently entered into a one-year Employment Agreement ("Agreement") with INA.  Plaintiff then relocated his family to Pocatello.

The Agreement contained a covenant-not-to-compete clause (CNC) that prohibited Plaintiff from practicing medicine or being employed by any business which competes in any way with INA's business, within a one hundred twenty-five mile radius of Pocatello, Idaho, for a period of five years.  The Agreement also contained a "Buy-In" option that allowed for Plaintiff to purchase membership interests in INA and KPI, upon completion of the one-year term of the Agreement.

Plaintiff alleges that upon completing the one-year term of the Agreement, he was not offered the option to buy a membership interest in INA or KPI.  Plaintiff then resigned from INA on February 15, 2007, and relocated to Utah, where he is now developing a nephrology practice. Plaintiff has applied for medical privileges at Davis Hospital, McKay-Dee Hospital Center, and Ogden Regional Medical Center.  Plaintiff has also formed two business entities which will provide nephrology services in northern Utah.

The geographic scope of the CNC in the Agreement extends into Utah as far south as Weber County, and encompasses such areas as Logan, Brigham City, and Tremonton.  In his Complaint, Plaintiff alleges the following: that the CNC is unenforceable; breach of contract; interference with prospective economic relations; and negligent misrepresentation.

Defendants are not registered business entities in Utah. Defendants do not have real or personal property in Utah. Defendants have no member or employed physicians who reside or are licensed to practice in Utah. Defendant INA billed one patient in Utah in 2005 and 2006. Defendants do not advertise in Utah, nor are they listed in telephone directories in Utah.

II. DISCUSSION

Plaintiff carries the burden of establishing personal jurisdiction over Defendants.[2] "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[3] In Utah, a three-part inquiry is used to determine whether specific personal jurisdiction exists: (1) defendant's acts or contacts must implicate Utah under the State's long-arm statute; (2) a nexus must exist between the plaintiff's claims and the defendants' acts or contacts; and (3) application of the Utah long-arm statute must satisfy requirements of federal due process.[4] "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[5]

---

[2] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[3] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[4] *Hydro Eng'g Inc. v. Landa, Inc.,* 231 F.Supp.2d 1130, 1134 (D. Utah 2002).

[5] *Sys. Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[6]  "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing."[7]  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[8]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.  Here, Plaintiff does not allege that Defendants are subject to general jurisdiction but, rather, that specific jurisdiction is appropriate.  When the "defendant has 'purposefully directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[9]  In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[10]

If the Court finds that Defendants had adequate minimum contacts with the forum state, the Court must also determine that personal jurisdiction is reasonable in light of the

---

[6] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[7] *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[8] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[9] *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

[10] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

circumstances surrounding the case.  In other words, the Court must determine that exercising jurisdiction would not offend traditional notions of "fair play and substantial justice."[11]  "Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies."[12]

Here, Plaintiff argues that the CNC, which undisputedly extends into Utah, is a sufficient minimum contact for purposes of establishing specific jurisdiction over INA in Utah courts.  Further, Plaintiff argues that "although KPI may be a separate legal entity, its members and managers are identical to INA, and its interference with [Plaintiff's] medical practice is equally egregious."[13]  While such an argument, standing alone, is irrelevant for purposes of establishing jurisdiction over KPI, Plaintiff goes on to argue that as a beneficiary of INA's non-competition agreement with Plaintiff, KPI is subject to specific jurisdiction through INA.

Because Plaintiff bases the appropriateness of jurisdiction over KPI on whether INA is subject to specific jurisdiction, it is appropriate to first address whether the Court has jurisdiction over INA.

Defendants argue that while the CNC extends into Utah, that contact, without more, is not sufficient for establishing jurisdiction.  The Court must undertake a particularized inquiry to

---

[11]*Burger King*, 471 U.S. at 476.

[12]*Bell Helicopter*, 385 F.3d at 1296.

[13]Docket No. 11, at 2.

examine the extent to which Defendants "purposefully availed" themselves of the benefits of the laws of Utah.  Here, Defendants were contacted in Idaho by Plaintiff, while Plaintiff was working in Colorado.  Employment negotiations were conducted with Plaintiff via telephone and in person with INA in either Idaho or Colorado.  All duties to be performed by Plaintiff were to be performed in Idaho.  As per the Agreement, Plaintiff was to obtain and maintain an Idaho license to practice medicine.  Also, the Agreement contained a choice of law provision selecting Idaho law.

In looking at the totality of the circumstances, and examining prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, the Court finds that the CNC contained in the Agreement is not a sufficient minimum contact for purposes of establishing specific jurisdiction.  Because KPI could only be subject to jurisdiction if the Court found jurisdiction over INA to be appropriate, where jurisdiction is not appropriate over INA, it is not appropriate over KPI.

III.  CONCLUSION

Based upon the foregoing, it is hereby

ORDERED that Defendants' Motion to Dismiss (Docket No. 7) is GRANTED and Plaintiff's claims against INA and KPI are dismissed without prejudice.

The Court directs the Clerk of Court to close this case forthwith.

SO ORDERED.

DATED   June 13, 2007.

                                  BY THE COURT:

                                  _____
                                  TED STEWART
                                  United States District Judge